UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   Toyomasters, Inc.,                                            No.  11-14-12554 TA

       Debtor.

## DEBTOR'S PLAN OF REORGANIZATION

The Debtor, Toyomasters, Inc. ("Debtor"), files this Plan of Reorganization.

## ARTICLE 1
## DEFINITIONS AND ABBREVIATIONS

**1.1.** For purposes of this Plan and the Disclosure Statement, unless the context requires otherwise, the following definitions will apply:

    **1.1.1. Acceptance by a Class**: The Acceptance of the Plan by a class of Claims or interests as provided for in Section 1126 of the Code and any applicable Rules, Local Rules or case law.

    **1.1.2. Acceptance of Plan**: Any acts, or failure to act, by the holder of a claim or interest, whether allowed or not, which evidences the approval of, or acquiescence in, the provisions of the Plan, including but not limited to the affirmative vote by the holder of a claim in favor of the Plan, by ballot, or the failure of the holder of a claim to affirmatively reject the Plan.

    **1.1.3. Clerk**: The Clerk of the U.S. Bankruptcy Court for the District of New Mexico, whose mailing address is P.O. Box 546, Albuquerque, New Mexico 87103, and whose office is located on the United States Bankruptcy Court, District of New Mexico, Dennis Chavez Federal Building & U. S. Courthouse, 500 Gold Avenue SW, Tenth Floor, Albuquerque NM 87102.

    **1.1.4. Code**: The Bankruptcy Code; §11 U.S.C. 101 *et. seq.*, as amended.

    **1.1.5. Confirmation**: Entry of an Order Confirming this Plan.

    **1.1.6. Consummation of the Plan**: Performance by the Debtor of all steps necessary to effectuate the provisions of the Plan, including, but not limited to, the appointment and acceptance of any Distribution Agent or other agency provided for by the Plan. Consummation shall not be construed to include payment by the reorganized Debtor, or by any other entity, of any debts or obligations provided for in the Plan except those required to be paid upon Confirmation.

    **1.1.7. Court**: The United States Bankruptcy Court for the District of New Mexico.

**1.1.8. Debtor**: Toyomasters, Inc..

**1.1.9. Disclosure Statement**: The Disclosure Statement filed in this Proceeding, in conjunction with the Plan, as such Disclosure Statement is amended or modified during this Proceeding.

**1.1.10. Effective Date**: The first day of the first month next following the date upon which an Order confirming this Plan becomes final.

**1.1.11. Entered**: Entered on the Court's docket.

**1.1.12. Local Rules**: The Local Rules of practice before the Court, as amended.

**1.1.13. Operating Reports**: The monthly reports filed with the Clerk, as required by the Office of the United States Trustee.

**1.1.14. Plan**: The Plan of Reorganization, as filed, amended, corrected or modified in this Proceeding.

**1.1.15. Cash Collateral Order:** The Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection to April 30, 2015 (Doc.32).

**1.1.16. Pre-Petition**: Prior to August 25, 2014.

**1.1.17. Post-Petition**: On or after August 25, 2014.

**1.1.18. Proceeding**: This Chapter 11 proceeding (11-14-12554 TA), and all adversary or other proceedings related hereto which were filed, are pending, or may be filed with the Court.

**1.1.19. Rules**: The Federal Rules of Bankruptcy Procedure, as amended.

**1.1.20. Trustee Fees**: Any fees required to be paid to the U.S. Trustee as a result of, or in connection with this Proceeding.

**1.1.21. U.S. Trustee**: The Office of the United States Trustee, whose address is P.O. Box 608, Albuquerque, NM 87103, its deputies, agents and employees.

**1.2.** For purposes of this Plan and the Disclosure Statement, unless the context requires otherwise, the following abbreviations may be used to describe the following creditors:

**1.2.1. DELL COMPUTERS**: Dell Computers, its successors and assigns.

**1.2.2 IRS:** The Internal Revenue Service.

**1.2.3 NMTR:** New Mexico Taxation and Revenue Department.

## ARTICLE 2
## GENERAL PROVISIONS

For purposes of the Plan, the following general provisions will apply:

**2.1.** All payments required to be made pursuant to the Plan, shall be due on the first day of the month, if the payments are monthly, and on the first day of January, April, July and October, if payments are quarterly, and on the first day of January if payments are annual, unless otherwise expressly provided herein, or unless the claim is unimpaired under the Plan.

**2.2.** Unless otherwise specified herein, the first payment or installment due under any provision of this Plan, shall be on the first due date as described in Article 2.1 above, next following the Effective Date, except for payments on unimpaired claims or unless otherwise provided for herein.

**2.3.** Any obligation or payment imposed by this Plan shall be pre-payable without penalty.

**2.4.** All obligations to make payments provided for under this Plan, shall have a grace period of fifteen (15) days after written notice of failure to pay before such failure to pay shall constitute a default thereof.

**2.5.** Any notice required to be given to Debtor, or to the reorganized Debtor, shall be sent by First Class mail to their mailing address: Toyomasters, Inc., 4709 Hawkins NE, Albuquerque, NM 87109, with a copy to its undersigned attorney, unless the person required to give Notice has been notified in writing of a change of address, or unless such person has actual knowledge of a different address at which the reorganized Debtor may be notified.

**2.6.** For purposes of this Plan, each sub-class of claims (*e.g.* III B) within a Class shall constitute a "class" of claims as defined in the Code, and the fact that various sub-classes of claims are described as being within one general class is for descriptive purposes only.

**2.7.** After Confirmation, the Debtor may, with approval of the Court, remedy any defect or omission, or reconcile any inconsistency in the Plan, or in the Confirmation Order, as necessary to carry out the purposes and the intent of the Plan.

**2.8.** Unless otherwise expressly provided in this Plan, if there is a default (as defined in paragraph 2.4 above) in any payment required under this Plan to be made by the Debtor, the holder of such claim may (1) give notice to the Debtor of its election to accelerate the balance then remaining, declaring the same to be immediately due and payable, (2) enforce all collateral rights, and (3) initiate a collection action in any court of competent jurisdiction, subject only to the right of the Debtor to "de-accelerate" its obligations and reinstate the payment provisions set out herein by, within thirty (30) days of notice of acceleration, by (1) paying to the creditor all

amounts then due under the payment schedule as if acceleration had not occurred, (2) paying to the creditor a late payment penalty of 10% of the defaulted payment, plus any court costs incurred by the creditor.

# ARTICLE 3
# CLASSIFICATION OF CLAIMS AND INTERESTS

Claims and interests in this Proceeding are classified and such classes and sub-classes of claims are defined as follows:

**Class I**: Administrative expenses of this proceeding as determined, allowed or allocated by the Court, including any Trustee Fees.

**Class II**: All non-administrative claims entitled to priority pursuant to the Code including, but not limited, to the following subclasses:

Class II A shall consist of the Allowed Priority Claim of the IRS

Class II B shall consist of the Allowed Priority Claim of NMTR

**Class III**: Allowed claims secured by property of the Debtor, comprising the following subclasses:

**Class III A**: The claims of Dell Computers, secured by a purchase money security interest on computers.

**Class III B**: The claims of NMTR secured by a lien on all real and personal property owned by the Debtor.

**Class IV**: All allowed general unsecured claims, including claims arising from the rejection of executory contracts or unexpired leases, or resulting from deficiencies on secured claims.

**Class V:** The equity interests of the Debtor.

# ARTICLE 4
# IMPAIRMENT OF CLAIMS

**4.1.** Classes III B and IV are Impaired.

# ARTICLE 5
# ASSUMPTION OR REJECTION OF EXECUTORY
# CONTRACTS AND UNEXPIRED LEASES

**5.1.** Debtor reserves the right to assume or reject any executory contract or unexpired lease not provided for herein, and not otherwise specifically assumed or rejected, until the Effective Date, at which time any such executory contract or unexpired lease shall be deemed

rejected if no motion to assume has been filed and no provision for assumption is made in the Confirmation Order.

**5.2.** The Debtor specifically assumes the cell phone contract held by Verizon Wireless.

**5.3.** Any person damaged by the Debtor's rejection of an unexpired lease or executory contract may have a claim against the Debtor which is classified by this Plan as a Class IV claim as set forth in Article 3 above. Any such party to a rejected unexpired lease or executory contract shall be required to file with the Court a proof of claim for any such damages within thirty (30) days after the Debtor files and provides notice of such rejection in writing to such party, and shall serve a copy of such proof of claim upon counsel for the Debtor. The Notice provided by the Debtor to such party shall specify that debtor is rejecting the unexpired lease or executory contract and that such party must file a proof of claim for any damages within thirty (30) days after Debtor files and provides notice of such rejection in writing to such party. Service of a copy of this Plan shall constitute service of such notice with respect to any lease or contract expressly rejected herein. If no such proof of claim is filed, such claim shall be barred herein, and deemed disallowed.

## ARTICLE 6
## TREATMENT OF CLAIMS AND INTERESTS

**6.1.** Allowed Class I claims (administrative expenses) shall be paid in full on or before the Effective Date, unless the holder of any such claim agrees (whether expressly or otherwise) to deferred payment thereof, in which case the allowed amount of such administrative expense shall bear interest at the rate of 0.5% per month during any such deferred payment period.

Any Class I claim which is an ordinary course of business expense, as opposed to one for professional fees or administrative expenses incurred herein, shall be paid, and interest shall accrue thereon, according to the provisions of the agreement giving rise to the claim.

In the case of professional fees allowed herein as Class I administrative expenses, any final Order entered herein on a Final Application for Allowance of Fees shall constitute a judgment in the amount allowed, bearing interest at the Plan rate set out herein, upon which execution may issue without further notice or hearing.

**6.2.** Allowed Class II (priority) claims, if any, shall be treated as follows:

Class II A **(Priority Claim of the IRS).** Debtor shall pay the allowed priority claim of the IRS in monthly payments over a period of forty seven (47) months with interest at three percent (3%). Payments shall be in the amount of $770.00 per month beginning on the first day of the month following the Effective Date.

Class II B (**Priority Claim of NMTR).** Debtor shall pay the allowed priority claim of NMTR in conformity with the Cash Collateral Order which provides for payments as follows: (a) $1,160.00 commencing February 1, 2015 and continuing on even date each month for a period of twelve (12) months; and (b) $2,444.31commencing February 1, 2016 and continuing

on even date each month for a period of forty eight (48) months or until further order of the Court.  Payments shall be made by the Debtor to NMTR as follows:

>NM Taxation & Revenue Department
>Bankruptcy Section
>ATTN:  Lisa Ela
>P.O. Box 8575
>Albuquerque, NM  87198-8575

**6.3. A.**  The Allowed Class III A Claim shall be treated as follows:

Debtor shall retain the computers and make payments pursuant to the terms of the agreement between Debtor and the holder of the Allowed Class III A Claim.

**6.3. B.**  The Allowed Class III B Claim shall be treated as follows:

Debtor shall pay the allowed secured claim of NMTR in conformity with the Cash Collateral Order which provides for payments as follows: (a) $1,160.00 commencing February 1, 2015 and continuing on even date each month for a period of twelve (12) months; and (b) $2,444.31commencing February 1, 2016 and continuing on even date each month for a period of forty eight (48) months or until further order of the Court.  Payments shall be made by the Debtor to the Department as follows:

>NM Taxation & Revenue Department
>Bankruptcy Section
>ATTN:  Lisa Ela
>P.O. Box 8575
>Albuquerque, NM  87198-8575

**6.4.**  Allowed Class IV claims, shall be paid a total of $38,580.00 in monthly payments over a period of twenty-five (25) months.  The first payment shall be due the first date of the month following the payment in full to the holders of Class II A claims.  Each holder of an allowed Class IV claim shall be paid a pro rata portion of each installment. Payments shall be in the initial amount $770.00 per month, and increase to $2,445.00 per month upon completion of payments to the holder of Class II A claims.  There shall be thirteen (13) distributions of $770.00 and twelve (12) distributions of $2,445.00.

**6.5.**  The Debtor's equity interests shall remain unimpaired under this Plan.

## ARTICLE 7
## EXECUTION AND IMPLEMENTATION OF THE PLAN

**7.1.**  Upon the Effective Date, all property of the Debtor shall revest in Toyomasters, Inc., subject to the provisions of this Plan and the Order of Confirmation.  Debtor shall continue to operate its business located at 4709 Hawkins NE, Albuquerque, NM  87109.  That business is the repair of automobiles.

**7.2.** Unless substitute liens are specifically provided for herein, all holders of allowed secured claims shall retain their pre-petition liens to secure payment of their allowed secured claims pursuant to this Plan. Within 10 days after payment or satisfaction of an allowed secured claim pursuant to this Plan, or as soon as practicable with respect to a governmental unit, the holder of such claim shall release its lien. Upon the satisfaction or payment of any secured claim provided for under this Plan, it shall be the affirmative obligation of the holder of such satisfied claim to execute and tender to the Debtor, or record, as appropriate, any necessary release or termination statement in order to do so.

**7.3.** The obligations, including obligations of payment of claims, imposed upon the Debtor by this Plan, after Confirmation, shall be evidenced by this Plan and any Order of Confirmation, and by any documents or instruments provided for under the Plan, including the pre-petition contracts, notes or other documents not extinguished or substituted for herein, which pre-petition contracts, notes, or documents shall be deemed amended to the extent necessary to conform to the provisions of this Plan and any Order of Confirmation. Unimpaired claims shall be evidenced by the pre-petition contracts or notes.

**7.4.** All pre-confirmation debts of Toyomasters, Inc. shall be deemed discharged by the Confirmation of this Plan, and only those debts or obligations provided for in this Plan shall be legally binding on the Debtor after Confirmation.

**7.5.** After Confirmation of the Plan, the Debtor shall be free to manage their affairs without further Order of this Court.

**7.6.** The Debtor reserves the right to prosecute any action provided for under Section 542, 543, 544, 545, 547, 548, 549, 550, 553, and 724 of the Code, after confirmation, subject to Section 546 and 551 of the Code, for a period of twelve months after the Effective Date. Such deadline may be extended by the Court on Motion of Debtor. Debtor further reserves the right to prosecute any cause of action arising under non-Bankruptcy law, existing as of the filing of the Petition, or accruing during this Proceeding, in any court of competent jurisdiction subject to any applicable statute of limitation, notwithstanding the allowance of any claim herein against the Debtor in favor of any claimant against whom such cause of action might lie.

**7.7.** Toyomasters, Inc. shall be free to sell its property after Confirmation, subject to liens thereon and the provisions of this Plan and any Order of Confirmation, and subject to and limited by the terms of the instruments evidencing any such liens, including notes secured thereby.

**7.8.** Confirmation of the Plan shall constitute a finding that all requirements of 11 U.S.C. §1129 have been met.

### ARTICLE 8
### RETENTION OF JURISDICTION

**8.1.** The Court shall retain jurisdiction after the Effective Date of this Plan for all purposes provided for by the Code, by this Plan, and by applicable law, including, but not limited

to, resolution of claims objections as provided for in the Plan, interpretation or construction of the Plan, hearing and ruling on adversary proceedings provided for in paragraph 7.6 above, and valuation as may be necessary for implementation of the Plan.

**8.2.** The entry of a Final Decree herein shall not deprive the Court of jurisdiction as provided for in paragraph 8.1., and the Debtor may apply for and, absent other grounds, be entitled to receive an order administratively closing this Proceeding, regardless of the pendency of any matters herein.

## ARTICLE 9
## RESOLUTION OF CLAIMS DISPUTES

**9.1.** The holder of a claim must file a proof of claim herein prior to the date set forth in the **Order Fixing Time for Filing Proofs of Claim** entered by the Court on October 23, 2014 (Doc.22) or else such claim will be barred herein to the fullest extent of the law. However, the timely filing of a proof of claim shall not preclude objection to such claim by Debtor, even if such claim is not listed as disputed or contingent in the schedules. Any holder of a claim not listed in the Debtor's schedule of debts filed herein must file a proof of such claim prior to the date set forth in the **Order Fixing Time for Filing Proofs of Claim**, or else such claim will be barred herein to the fullest extent of the law.

**9.2.** Objections to claims in this proceeding shall be made in writing. Such claims objections shall be filed with the Court, and shall be served upon the holder of the disputed claim, at its address of record herein, and upon its counsel of record, if any, and upon counsel for the Debtor.

**9.3.** Any person or entity with standing to contest a claim herein pursuant to the Code and Rules shall be entitled to file an objection to any claim herein. Any such objection to a claim shall be filed no later than fifteen (15) days after the Effective Date, except that the Debtor may file an objection to any claim within forty-five (45) days after the Effective Date.

**9.4.** Any person or entity having standing to dispute a claim may, for good cause, obtain an Order extending the deadline within which such claim objection must be filed by filing a Motion to Extend such deadline prior to the deadline, with service thereof on Debtor and any other entity required by the Code, Rules or Local Rules.

**9.5.** Claims allowed as of the deadline for objection established pursuant to this Article shall be conclusively fixed for all purposes at such allowed amount, and shall not thereafter be amended except on motion or objection of Debtor.

**9.6.** Claims of holders of secured claims for late charges, default interest, attorney fees, costs or similar additions to the amount of their secured claims accruing post-petition and prior to confirmation shall be allowed only to the extent allowable under the Bankruptcy Code and applicable non-bankruptcy law. No attorney fees, costs, default interest or late charges accruing post-petition and before confirmation shall be allowed unless the holder of a claim therefore files a statement herein, in the form of a supplemental proof of claim, stating the amount claimed, the

basis for such claim, an itemization of all such amounts claimed, and, in the case of attorney fees, such supplemental claim shall have attached to it such billing statements supporting such fees as are necessary for the Court to determine whether such fees are reasonable and necessary, and allowable. Such supplemental claim shall be filed within thirty days after the Effective Date. If no such supplemental claim is timely filed, such amounts shall be disallowed. If a claim therefore is timely filed, a copy of such claim shall be served by the holder of the claim on Debtor's counsel, and Debtor shall have fifteen days from the date of filing and service of such claim to file and serve an objection thereto. If no timely objection is filed, such amounts shall be allowed. If a timely objection is filed, the Court shall determine the allowable amount of such additional charges.

## ARTICLE 10
## DISTRIBUTION AGENT

Debtor shall make all distributions provided for under this Plan and shall not be required to post any bond to secure its performance as Distribution Agent hereunder.

## ARTICLE 11
## REQUEST FOR AND EFFECT OF CONFIRMATION

**11.1.** The Debtor hereby requests confirmation of this Plan pursuant to Section 1129(b), and hereby gives Notice of its intent to obtain confirmation pursuant thereto.

**11.2.** On the Effective Date, Confirmation of this Plan shall have, *inter alia*, the following effects:

**11.2.1.** Unless expressly provided in this Plan, all claims against the Debtor or the bankruptcy estate shall be discharged, and only those obligations set out in this Plan shall be legally enforceable against the reorganized Debtor.

**11.2.2.** All property of the bankruptcy estate, including rights, claims or causes of action described in Paragraph 7.6, shall vest in the reorganized Debtor, subject only to the liens and claims provided for in this Plan.

**11.3.** Until the Effective Date, nothing contained in this Plan, or in the Disclosure Statements related to any Plan shall have legal force or effect, nor shall anything set out in any Plan or Disclosure Statement constitute an admission by the Debtor as to any claim treated herein, in that this Plan and any related Disclosure Statement is the Debtor's offer to settle each and every claim treated herein.

**11.4.** This Plan is the Debtor's voluntary, good faith effort to resolve all matters dealt with herein, and all claims treated herein. Until conclusion of a hearing on confirmation of this Plan, Debtor reserves the right to withdraw this Plan from consideration for confirmation.

Respectfully submitted:

LAW OFFICE OF GERALD R. VELARDE
<u>/s/ filed electronically</u>
Gerald R. Velarde
Attorneys for Debtors
2531 Wyoming Blvd. NE
Albuquerque, NM 87112
(505) 248-1828


APPROVED:

TOYOMASTERS, INC.
By: <u>Original Signature on File with GRV</u>
Joseph Christopher Garcia
Vice President & Authorized Agent
4709 Hawkins NE
Albuquerque, NM 87109